LEWISTON STEAM MILL COMPANY *vs.* A. R. MERRILL.

Same *vs.* GEORGE R. EASTER.

Same *vs.* CHRISTOPHER S. REED.

Same *vs.* LEWIS TUCKER.

Oxford. Opinion January 19, 1886.

*Writs of error. Record. Judgment. Practice. Declarations. Amendments. Judgment in rem.*

An abbreviated record of a judgment in the Supreme Judicial Court that complies with the requirements of R. S., c. 79, § 11, is valid.

Writs of error for errors in law lie only for defects apparent upon the face of the record.

If there be error in law that would appear from an extended record, that either party desires to avail himself of upon a writ of error, he should before trial, require the clerk to make an extended record of the judgment sought to be reversed, (and if he refuses so to do, procure an order from the court directing such record to be made), and then present a transcript of such extended record, that the court may know from inspection of it whether an error exists.

Defects in a declaration that are proper subjects of amendment are cured by default and cannot be reached by writ of error.

A record that recites a command in the writ for the officer to attach certain specified logs upon which a lien is claimed, and the return of the officer that he did attach the same and put his mark upon them, and that, within five days thereafter, he filed in the clerk's office of the town where the logs lay the usual copy of his attachment, is sufficient to sustain a judgment *in rem* against the logs.

ON REPORT.

Writs of error. These four cases were argued together, the records of the judgments sought to be reversed were similar, the record in one case being as follows :

(Record.)

" State of Maine, Oxford, ss. — At the Supreme Judicial Court, begun and holden at Paris, within and for the county of Oxford, on the third Tuesday of September, being the eighteenth day of said month, Anno Domini, 1883.

By the Honorable WILLIAM WIRT VIRGIN, Justice.

. . . . . . . . . . . .

No. 224. *Merrill* v. *Hodsdon and certain logs.*

" A. R. Merrill of Byron, in the county of Oxford, plaintiff, *v.* Gilbert T. Hodsdon of Byron, in the county of Oxford aforesaid, and certain spruce logs now on the bank of Swift River near the Alvarado O. Reed Mill (or the site where it formerly stood) in said town of Byron, being the same spruce logs cut and hauled by said Gilbert T. Hodsdon and owned by the Lewiston Steam Mill Company doing business at Lewiston in the county of Androscoggin, and said logs being marked W near the centre, and W at each end of all logs over twenty feet in length, defendants.

" In a plea of the case : For that the said defendant at said Byron, on the day of the purchase of this writ, being indebted to the plaintiff in the sum of seventy dollars and fifty cents, according to the account annexed, then and there in consideration thereof promised the plaintiff to pay him the same on demand, which account, the plaintiff avers, is for labor by him performed in cutting and hauling said spruce logs, now on the bank of Swift River, near the Alvarado O. Reed mill (or the site where it formerly stood) in Byron aforesaid, under a contract with said defendant, said logs being marked W near the centre under twenty feet and W at each end of twenty feet and over, and that this suit is brought to enforce a lien for the above named sum, for said labor performed by him, the plaintiff, in cutting and hauling said spruce logs, and the last of which labor was performed within sixty days of the purchase of this writ and that this writ is made and suit brought to enforce the lien upon said logs, for said labor, in accordance with chapter 91, section 34 of the Revised Statutes of the State of Maine. Yet the said defendant, though requested, has not paid the same, but neglects and refuses so to do, to the damage of the said plaintiff, (as he

says) the sum of one hundred and fifty dollars, which shall then and there be made to appear, with other due damages.

"This writ was dated the twenty-first day of April, A. D., 1882, and the said logs attached on the twenty-second day of April, A. D., 1882, and service made on said defendant May nineteenth, A. D. 1882, as appears by the officer's return on said writ, viz. ;

"Oxford, ss : – April 22nd, 1882.

"At eight o'clock and thirty minutes in the forenoon, by virtue of the within writ I attached a chip as the property of the within named defendant, and I also attached three hundred and fourteen spruce logs, being the same described in said writ, now on the bank of Swift River, in the town of Byron, in the county of Oxford aforesaid, near the Alvarado O. Reed mill, (or the site where it formerly stood) in said Byron, said logs being marked A by me near the end, and the same logs that were before marked W near the centre on all under twenty feet in length, and W near each end on all twenty feet and over in length, valued at one hundred and fifty dollars, being the same logs I am within commanded to attach to enforce said lien for labor performed in cutting and hauling said logs, and within five days of said attachment, to wit, on Tuesday, April 25th, 1882, I filed in the office of the clerk of the town of Byron, aforesaid, an attested copy of so much of my return on this writ as relates to the above named attachment with the value of the property to be attached which I am within commanded to attach, the names of the parties, the date of the writ and the court to which the same is returnable.

William H. Tainter, deputy sheriff.

"Oxford, ss : — May 19th, 1882.

"I this day made service on the within named defendant by giving him a summons for his appearance at court.

William H. Tainter, deputy sheriff.

"This action was entered in this court at the September term, A. D. 1882, at which term the plaintiff appeared, but the personal defendant did not appear, and the plaintiff moved the court for notice of this suit to be given to the owner of said logs and thereupon the court ordered that the plaintiff give notice to the

owner of logs attached on said suit, by causing an abstract of said writ and this order thereon to be published three weeks successively in the *Oxford Democrat,* a paper printed in Paris, in said county, the last publication to be thirty days at least before the next term of said court, to be held at Paris, on the second Tuesday of March, A. D. 1883, and also cause the owner of the logs named in said writ, viz: The Lewiston Steam Mill Company, a corporation doing business at Lewiston, Maine, to be served with an abstract of said writ and this order thereon thirty days at least before said term of court to be held at Paris, on the second Tuesday of March, A. D. 1883, to the end that the said owner of said logs may then and there appear at said court, and be admitted to defend and become a party to said suit, if he shall see cause.

" This action was thence continued to the March term, A. D. 1883, of this court, at which term notice of this suit to the owner of said logs, as ordered, was proved to the satisfaction of the court, and said action was then continued to the September term of this court, A. D. 1883, when the plaintiff again appears, Messrs. Foster and Herrick appear for the log owners, but the personal defendant, though called to come into court does not appear, but makes default, and on the second day of said September term, the court order, that the defendant be defaulted, that the logs be defaulted, and judgment for lien on logs described in writ and return.

" It is therefore considered and adjudged by the court, that the said A. R. Merrill has a lien upon so many of said logs as were attached upon the original writ and described in said writ and return, for his personal labor in cutting and hauling the same, and that said A. R. Merrill recover judgment against the said Gilbert T. Hodsdon and said three hundred and fourteen spruce logs, marked W near the centre, and W at each end of all logs over twenty feet in length, being the same attached on and described in said writ, the sum of seventy-six dollars and fifty-three cents debt or damage, and costs of suit taxed at twenty-six dollars and fifty-one cents.

"Judgment rendered October 1st, A. D., 1883.

"Execution issued October 18th, A. D., 1883.

"And now on the twelfth day of the term, being the first day of October, A. D., 1883,

"It is ordered, That judgment be entered up in all matters where final action has been had, and that all others stand continued to the next term, and this court is now adjourned without day.

Attest : Albert S. Austin, clerk.

"A true copy of record.

Attest : Albert S. Austin, clerk.

*Savage and Oakes*, for the plaintiff.

The plaintiff was made a party to the original suits and hence is entitled to this remedy. Spaulding's Practice, 441. *Porter* v. *Rummery*, 10 Mass. 64; *Shirley* v. *Lunenburg*, 11 Mass. 379.

The declaration was demurrable ; it was likewise amendable. *Bennett* v. *Davis*, 62 Maine, 544.

The account annexed setting forth no items more than a "balance" is insufficient. The account annexed is a part of the record and should be fully recorded. *Baker* v. *Moor*, 63 Maine, 446.

The omission of the account annexed, from the record was not considered in *Bean* v. *Ayers*, 70 Maine, 421.

It seems to have been thought by some that if the defect was amendable that would necessarily preclude the sustaining of a writ of error. We do not so understand the law. There is no reported case which so decides it. There are cases in which the errors were amendable, where the courts have refused to set aside the judgement, but those were cases where the errors alleged were "want of form only" or "circumstantial errors or mistakes which by law are amendable" and where "the person and case can be rightly understood." R. S., c. 82, § 10.

When can the person and case be rightly understood from the records? Clearly when the record contains sufficient *discriptio personæ* and *discriptio causæ* to enable it to be successfully used in evidence under a plea in bar to a suit on the same cause of action. See *Bennett* v. *Davis, supra.*

The counsel further contended that the return of the officer did not show a valid attachment. The return does not show for what reason it was recorded in the town clerk's office. All the substantive facts which alone could authorize such an attachment must appear affirmatively in the return and be a part of the record. *Haynes* v. *Small*, 22 Maine, 14; Drake Attachment, § 205.

*H. A. Randall* and *James S. Wright*, for the defendants, cited: *Parks* v. *Crockett*, 61 Maine, 494; *Piper* v. *Goodwin*, 23 Maine, 251; *Page* v. *Danforth*, 53 Maine, 174; *King* v. *Robinson*, 33 Maine, 114; *Paul* v. *Hussey*, 35 Maine, 97; *Kirby* v. *Wood*, 16 Maine, 81; *Valentine* v. *Norton*, 30 Maine, 199; *Lovell* v. *Kelley*, 48 Maine, 265; *Starbird* v. *Eaton*, 42 Maine, 571; *Storer* v. *White*, 7 Mass. 448; *Thompson* v. *Gilmore*, 50 Maine, 430; *Lord* v. *Pierce*, 33 Maine, 350; *Weston* v. *Palmer*, 51 Maine, 73; *Bean* v. *Ayers*, 70 Maine, 421.

HASKELL, J. Writs of error to reverse, for errors in law, four several judgments of this court, rendered in the county of Oxford.

The transcripts presented at the trial prove records, that comply with the requirements of the statute, R. S., c. 79, § 11, and show the nature of the judgments rendered. The records of the judgments sought to be reversed are sufficient in form for abbreviated records under the statute, however defective they may be without its aid. Writs of error, for errors in law, lie only for defects apparent upon the face of the record. *Valentine* v. *Norton*, 30 Maine, 194; *Paul* v. *Hussey*, 35 Maine, 97; *Starbird* v. *Eaton*, 42 Maine, 569; *McArthur* v. *Starrett*, 43 Maine, 345; *Wood* v. *Leach*, 69 Maine, 555.

If there be error in law, that would appear from an extended, full record, which either party desires to avail himself of upon a writ of error, he should, before trial, require the clerk to make a full, extended record of the judgment sought to be reversed, and if he refuses so to do, procure an order from the court directing such record to be made, and then present a transcript

of such extended, full record, that the court may know from inspection of it whether an error exists.

In the case at bar, the parties have agreed, that the pleadings omitted from the records, may be treated as properly included in them, and under the peculiar circumstances, that agreement will be regarded by the court.

Two errors in law are assigned.

1.   That the accounts annexed to the writs are insufficient. The actions were assumpsit, according to the accounts annexed. The accounts set out claims for labor performed and the price demanded. The plaintiff in error was duly cited to become party defendant in those actions, but interposed no defense. The insufficiency of the declarations, it might have availed itself of. It did not do it. The objections presented come too late. They are not available in this action. They were proper subjects of amendment, and are cured by default. Enough is shown by the declarations to sustain the judgments rendered. Full and complete averments show, that the services sued for were rendered upon the logs attached, and that the suits were seasonably brought. The statute provides that no proceeding shall be reversed for error, that by law is amendable. R. S., c. 82, sec. 10.

2.   That there was no sufficient attachment of the logs. The record recites a command in the writs, for the officer to attach certain specified logs, upon which a lien is claimed, and a return of the officer, that he did attach the same and put his mark upon them, and that, within five days thereafter, he filed in the clerk's office of the town where the logs lay the usual copy of his attachments.   Attachments of chattels are made by gaining possession of the property attached; and in certain cases may be preserved by recording the attachments and abandoning the actual possession, or control.

In these cases the property attached was logs on the bank of a river, clearly, property that could not have been immediately removed to a place of keeping within the absolute control of the officer, by reason of its bulk; and actual possession of it, he

could only retain by his presence, or the presence of his servant, at unnecessary cost. The record discloses an attachment within the express terms of the statute, followed by judgment *in rem*, without error, or fault. The defendants have interposed no plea, and the order is,

*Plaintiff's nonsuit.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.